Cavalry SPV I, LLC v Wilkerson (2024 NY Slip Op 24305)

[*1]

Cavalry SPV I, LLC v Wilkerson

2024 NY Slip Op 24305

Decided on December 4, 2024

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 4, 2024
Supreme Court, Bronx County

Cavalry SPV I, LLC, as Assignee of CITIBANK, N.A., Plaintiff,

against
Tanya Wilkerson, Defendant.

Index No. 806195/2023E

HEATHER ANN JOHNSON Firm Name: MANDARICH LAW GROUP, LLP Address: 600 Essjay Rd Ste 200, Williamsville, NY 14221 Phone: (716) 204-4260 Service E-mail: heatherj&commat;mandarichlaw.com Other E-mails: StephanieS&commat;mandarichlaw.com

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all of the papers filed in NYSCEF regarding the motion of plaintiff CAVALRY SPV I, LLC, as Assignee of CITIBANK, N.A. ("Plaintiff) (Mot. Seq. 1), seeking an order, pursuant to CPLR 3212, granting summary judgment as against pro se defendant TANYA WILKERSON ("Defendant") in the amount of $4,642.92, together with interest, costs, and disbursements and, pursuant to CPRL 3211(b), dismissing the affirmative defenses asserted in the answer.
This motion highlights the new strict requirements set forth under the Consumer Credit Fairness Act for setting forth a prima facie showing against a pro se defendant on a motion for summary judgment under CPLR 3212. The motion is unopposed.
The facts in this matter are largely undisputed. The litigation arises out of an alleged breach of contract based on a Home Depot Credit Card issued to Defendant by Citibank, N.A. [*2]The credit card agreement required monthly payments which Defendant failed to make. The last payment on the account was made on October 15, 2021, in the amount of $124.00. As of June 17, 2022, the last account balance shows $4,642.92, with a minimum payment due of $1,339.00.
On or about July 6, 2022, the past due account was assigned by Citibank N.A. to Plaintiff. Defendant made no payments on the account after the transfer. On April 20, 2023, Plaintiff commenced this action against Defendant, seeking judgment for the sum of $4,642.92, and all costs and disbursements of this action.
According to the affidavit of service, service on Defendant was completed on April 27, 2023, at 3729 Paulding Ave, Bronx County, NY 10469-1221, by delivering it to a person of suitable age and discretion, who identified themselves as the co-tenant but refused to give their name. Plaintiff also mailed a copy of the summons and complaint to Defendant in a sealed envelope, bearing "Personal & Confidential", at the same address on May 1, 2023. CPLR 308 (2). Proof of such service was filed on May 2, 2023.
Pro se Defendant filed an answer on June 28, 2023 ("the Answer"). In the Answer, Defendant checks off a box that provides that "I received the Summons and Complaint, but service was not correct as required by law". Defendant also alleges that she suffered an unspecified injury, is living on limited income, and stopped working due to disability.
On August 11, 2023, Plaintiff filed this motion for summary judgment pursuant to CPLR 3212 and moved for an order dismissing defenses asserted in the Answer pursuant to CPLR 3211(b).
Several months later, on October 4, 2023, Plaintiff uploaded an "additional notice of summary judgment motion (Consumer Credit)" to NYSCEF. The document is undated and notifies Defendant that the motion for summary judgment is returnable in court only eight days later on October 12, 2023. It provides that Defendant "should oppose the motion IN WRITING". It cannot be determined by the document, when, how, or if the form was actually served on the pro se defendant.
After several adjournments, the motion was marked submitted in July 2024. The motion is unopposed.
In support of the motion, Plaintiff submits: an attorney affirmation; a statement of material facts; a non-military affirmation; an affidavit of the non-expiration of the statute of limitations; an affidavit of facts and purchase of account by debt buyer plaintiff (including a bill of sale and assignment from Citibank, billing statements, an affidavit of facts by debt buyer, and an affidavit of facts and sale of account by original creditor Citibank); pleadings; an affidavit of service; an affirmation of mailing of additional notice; and an affidavit of service of the motion.
Of import here, the Consumer Credit Fairness Act became effective in May 2022 and is applicable to this lawsuit. This Act significantly amended the statutes governing litigations involving consumer credit transactions to provide powerful additional protections to debtors on motions for default judgment and on motions for summary judgment. 
CPLR 105(f) defines a consumer credit transaction as "a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes". CPLR 105(f). Under the constellation of circumstances presented in this case, this action is founded on a "consumer credit transaction" and any additional criteria mandated by the Act must be satisfied to succeed on the motion (JHPDE Finance, I, LLC. v Harris, 2024 NY Slip Op. 24187 [Sup. Ct. New York County 2024]).
While this is a motion for summary judgment, it is relevant to note that the provision for default judgment under CPLR 3215 (f), not at issue herein, was amended by the Consumer Credit Fairness Act to require that on any application for judgment by default involving a consumer credit transaction, if the plaintiff is not the original creditor, the applicant must now include:
"(1) an affidavit by the original creditor of the facts constituting the debt, the default in payment, the sale or assignment of the debt, and the amount due at the time of sale or assignment;
(2) for each subsequent assignment or sale of the debt to another entity, an affidavit of sale of the debt by the debt seller, completed by the seller or assignor; and
(3) an affidavit of a witness of the plaintiff, which includes a chain of title of the debt, completed by the plaintiff or plaintiff's witness."
Similarly, CPLR 3215 (j) was also amended by the Act to require an additional affirmation of the non-expiration of the statute of limitations, although this section too applies to motions for a default judgment, and in fact, only to such default motions that seek to be entered by the clerk (see JHPDE Finance, I, LLC. v. Harris, supra).
Relevant to motions for summary judgment filed against pro se defendants, such as the one at hand, however, is the potential impact of the amendments to CPLR 306 and CPLR 3212 [FN1]
implemented by the Consumer Fairness Credit Act.
As for CPLR 306 (Proof of Service), which details the requirements of proof of service to commence an action, it was amended in CPLR 306-d to add new hurtles to acquiring a judgment in a consumer credit transaction case. In relevant part, the amended statute provides that:
"306-d. Additional mailing of notice in an action arising out of a consumer credit transaction:
(a) At the time of filing with the clerk of the proof of service of the summons and complaint in an action arising out of a consumer credit transaction, the plaintiff shall submit to the clerk a stamped, unsealed envelope addressed to the defendant together with a written notice in clear type of no less than twelve-point in size, in both English and [*3]Spanish, and containing [certain specific language] . . . .
(c) The clerk promptly shall mail to the defendant the envelope containing the additional notice set forth in subdivision (a) of this section. No default judgment based on the defendant's failure to answer shall be entered unless there has been compliance with this section, and at least twenty days have elapsed from the date of mailing by the clerk. No default judgment based on the defendant's failure to answer shall be entered if the additional notice is returned to the court as undeliverable. Receipt of the additional notice by the defendant does not confer jurisdiction on the court in the absence of proper service of process."
The statute includes a specific form labeled "Additional Notice of Lawsuit" that the creditor must submit to the Clerk for mailing to the debtor. The notice includes express language explaining the existence of a lawsuit, the possibility to respond, the risks of failing to appear and other directives serving to put a debtor on notice of his or her rights. The additional "Additional Notice of Lawsuit" form will be "promptly" mailed to the defendant. 
Based on the express language of the statute, however, the failure to provide said notice appears relevant only to motions for a default judgment. CPLR 306-d (c) specifies the penalties for failing to satisfy the directives set forth in the provision as a prohibition from awarding a default judgment. As the statute does not address motions for summary judgment or include the requirement of its satisfaction prior to moving for summary judgment, the court finds based on the express language of the Act, CPLR 306-d does not govern motions for summary judgment where a defendant has appeared.
In contrast, the Act's amendment to CPLR 3212 is directly applicable to motions for summary judgment filed as against pro se defendants. The Act amended the statute to provide under CPLR 3212 (j) that:
"Additional notice in any action to collect a debt arising out of a consumer credit transaction where a consumer is a defendant.
1. At the time of service of a notice of motion any part of which requests summary judgment in whole or in part, where the moving party is a plaintiff and the respondent is a consumer defendant in an action to collect a debt arising out of a consumer credit transaction, and where the consumer defendant against whom summary judgment is sought is not represented by an attorney, the plaintiff shall submit to the clerk a stamped, unsealed envelope addressed to the defendant together with the following additional notice in English and Spanish to be printed in clear type no less than twelve-point in size . . . ":
So, under the new Consumer Credit Fairness Act, on any motion for summary judgment involving a consumer transaction that involves a pro se defendant, the creditor must demonstrate that a timely 3212(j) additional notice was served on the Clerk with an addressed unsealed envelope. The additional notice must contain the specific language set forth in the Act including the explanation of the pro se defendant's right to oppose the motion. The language in the new CPLR 3212(j) appears to contemplate that the additional notice be provided to the Clerk at the moment of service of the motion. Although motions are filed and served simultaneously in e-file actions, the new CPLR 3212(j) will require delivery of the hard-copy notice and stamped [*4]envelope to the Clerk.
But the additional hurtles to summary judgment do not end there. Under CPLR 3212(j), the Clerk must promptly mail to the pro se defendant the envelope containing the additional notice and "note the date of mailing in the case record". Importantly, the statute states that "summary judgment shall not be entered based on defendant's failure to oppose the motion unless there has been compliance with this section and at least fourteen days have elapsed from the date of mailing by the clerk or nineteen days if the plaintiff's notice of motion demands additional time under subdivision (b) of rule 2214 of this chapter". CPLR 3212(j)(2).[FN2]

Applying these amendments to the record here, Plaintiff fails to set forth a prima facie case as against pro se defendant because there is no evidence that the directives of CPLR 3212-j were satisfied before the submission of the motion. To the extent that the creditor did submit proof that a CPLR 3212-J notice was served in October 2023, it is undated, and no affidavit of service is included. Furthermore, not only is there no proof that Plaintiff submitted to the Clerk the required stamped, unsealed envelope addressed to Defendant with the 3212-j notice, there is no notation in the record that the Clerk [FN3]
ever mailed such an envelope. As such, the motion is denied with leave to renew with proof of the satisfaction of the Consumer Credit Fairness Act's requirements under CPLR 3212(j).
In addition, in light of the lack of appropriate notice of the summary motion on pro se defendant and the public policy in favor of such notice, that part of the motion that seeks dismissal of the affirmative defenses under CPLR 3211 (b) is also denied with leave to renew.
Accordingly, it is HEREBY
ORDERED that the motion by plaintiff CAVALRY SPV I, LLC, as Assignee of CITIBANK, N.A (Mot. Seq. 1) seeking an order granting summary judgment pursuant to CPLR 3212 and dismissing defenses asserted in pro se defendant TANYA WILKERSON's answer pursuant to CPLR 3211(b) is denied with leave to renew; and it is further
ORDERED that Plaintiff shall serve a copy of this decision and order with notice of entry upon the pro se defendant by regular mail and overnight mail by January 15, 2025, and upload proof of said service to NYSCEF by January 31, 2025; and it is further
ORDERED that Plaintiff shall serve a copy of this decision and order with notice of entry upon the Clerk of the Court, the Motion Support Office, and the Judgment Clerk in Bronx County by January 15, 2025, and upload proof of said service to NYSCEF by January 31, [*5]2025; and it is further
ORDERED that the Clerk shall mark this motion (Mot. Seq. 1) decided in all court records.
The foregoing constitutes the Decision/Order of the court.
Date: December 4, 2024
Bronx, New York
E N T E R:
HON VERONICA G. HUMMEL, A. J.S.C.

Footnotes

Footnote 1:Although not at issue in this action, the Consumer Credit Fairness Act implemented another important change in law with the passage of CPLR 214-i. The statute of limitations for an action of breach of contract is six years. This limitations period is amended and shortened in lawsuits based on a consumer credit transaction by the Consumer Credit Fairness Act in CPLR 214-i which provides that "an action arising out of a consumer credit transaction where a purchaser, borrower or debtor is a defendant must be commenced within three years, except as provided in section two hundred thirteen-a of this article or article 2 of the uniform commercial code or article 36-B of the general business law. Notwithstanding any other provision of law, when the applicable limitations period expires, any subsequent payment toward, written or oral affirmation of or other activity on the debt does not revive or extend the limitations period".

Footnote 2:As stated in Siegel-New York Practice §278:
"[t]hat means that the minimum notice requirements in CPLR 2214(b), CPLR 3212(j)(1) . . . which allow the motion to be served eight days before the return date, will not allow for the entry of an order granting summary judgment against the defendant on the return date when: (1) the motion is made 'in an action to collect a debt arising out of a consumer credit transaction;' (2) the defendant is pro se; and (3) the defendant has failed to oppose the motion. CPLR 3212(j)"

Footnote 3:The court notes that it is not clear that the procedures are in place in the Clerk's office to process such envelopes and to note the necessary mailing in the record. As there is no allegation that such mailing was ever attempted however, the issue need not be determined on this motion.